26-mj-6016-MPK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brett C. Harrison, having been duly sworn, do hereby depose and state as follows:

### Introduction

1.  I am a Deputy United States Marshal with the United States Marshals Service ("USMS"). I have been employed in this capacity since January 2023. I graduated from the Basic Deputy United States Marshal-Integrated (BDUSM-I) academy at the Federal Law Enforcement Training Center ("FLETC") in Brunswick, Georgia, where I received training in conducting criminal investigations. In August 2014, prior to becoming a Deputy United States Marshal, I was employed by the United States Department of Veterans Affairs ("VA") Police as a patrolman and later promoted to detective.

2.  As a federal law enforcement officer, I have participated in investigations of persons suspected of violating federal criminal laws. These investigations have included the use of surveillance techniques, the interviewing of subjects and witnesses, and the planning and execution of arrest, and search and seizure warrants. As a Deputy United States Marshal, I am authorized to conduct such investigations and to execute warrants for offenses involving violations of federal criminal laws.

3.  I submit this affidavit in support of a criminal complaint and arrest warrant charging Tyreek HALL ("HALL"), born in 2002, of Boston, Massachusetts, with a violation of 18 U.S.C. § 751(a). This statute makes it illegal for any person to escape from the custody of the Attorney General, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, if the custody or confinement is by virtue of a conviction of any offense.

4. The information contained in this affidavit is based upon my involvement with this investigation and information supplied to me by other law enforcement officers. This affidavit is being submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant. As such, I have not included all facts of this investigation but instead have set forth only the most relevant facts that establish the requisite probable cause.

## Probable Cause

5. On May 6, 2024, HALL was sentenced in the United States District Court for the District of Massachusetts to a period of incarceration of 46 months followed by 3 years of supervised release based on his conviction for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Tyreek Hall*, 22-cr-10258-IT.

6. On or about July 4, 2025, as part of his federal sentence, HALL received a furlough transfer from the Federal Correctional Institute in Cumberland, Maryland, to the Coolidge House Residential Re-entry Center ("RRC"), at 307 Huntington Avenue, Boston, Massachusetts, to reside and serve the remainder of his confined sentence at the RRC until his release date of September 16, 2025.

7. While residing at the RRC, and as part of the reentry program, HALL was permitted to be employed and was employed as a "part-time vehicle cleaner." According to RRC personnel, on September 7, 2025, HALL returned to the RRC from work at approximately 10:58 PM. Upon his return, RRC staff conducted a breathalyzer test as part of their standard security screening. HALL tested positive. HALL refused a subsequent breathalyzer test. He also refused to submit to a urinalysis test. After his refusals, HALL was allowed to go to his living quarters. At approximately 11:56 PM, HALL returned to the front desk and walked out of the front door. RRC

staff placed HALL on escape status and the USMS was notified shortly thereafter. HALL has never returned to the RRC and is considered an active escape from Federal Custody.

## Conclusion

8. Based upon the foregoing, there is probable cause to conclude that on or about September 7, 2025, HALL did escape from the custody of the Attorney General, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, if the custody or confinement is by virtue of a conviction of any offense, in violation of 18 U.S.C. § 751(a).

/s/ Brett C. Harrison

_____
Brett C. Harrison
Deputy U.S. Marshal
United States Marshal Service

Sworn and subscribed to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on this ___ day of January, 2026.    January 16, 2025

_____
M. PAGE KELLEY
United States Magistrate Judge

3